UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| SHANNON REEVES | CASE NO. 2:19-CV-00725 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| TONY MANCUSO, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss and Motion for Summary Judgment [doc. 7] filed by defendants Tony Mancuso and Scot Nugent, in response to the civil rights suit filed in this court under 42 U.S.C. § 1983 and state law by plaintiff Shannon Reeves. The motion is opposed and is now ripe for review.

### I.
### BACKGROUND

This suit arises from plaintiff's treatment at the hands of unknown officers at Calcasieu Correctional Center ("CCC"). Plaintiff alleges as follows: He was booked into that facility on or about June 11, 2018, and alerted officers that he had medical needs relating to injuries, including head trauma, that he sustained in a car accident. Doc. 1, ¶¶ 6–8. Plaintiff complained when officers moved him to a cell without a bottom bunk and told them that he could not climb into a top bunk due to his injuries. *Id.* at ¶ 9. The officers mocked him, and plaintiff admits that he responded rudely. *Id.* at ¶¶ 9–10. Three officers then beat plaintiff, throwing him to the ground and aggravating his injuries. *Id.* at ¶¶ 10– 12. After the beating, plaintiff was placed in solitary confinement and denied medical care.

*Id.* at ¶ 13. He filed an inmate complaint with Internal Affairs, but the complaint was not investigated. *Id.* at ¶ 14.

Plaintiff filed suit in this court against the three unknown officers, in their individual capacities, and Sheriff Tony Mancuso and CCC Warden Scot Nugent, in their official capacities. He seeks monetary relief from all defendants under 42 U.S.C. § 1983, based on the alleged violations of his constitutional rights, and state tort law. Defendants Mancuso and Nugent now move to dismiss the matter under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. Doc. 7. They allege that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e.[1] Plaintiff opposes the motion.

## II.
## LAW & APPLICATION

### A. *Motion for Summary Judgment Standards*

Because resolution of this motion involves consideration of defendants' extra-record evidence, the court considers the claim as a motion for summary judgment. A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of

---

[1] The defendants also assert that surveillance video disproves plaintiff's version of events, but provide no evidence in support of this claim. Doc. 7, att. 1, p. 2. Accordingly, the court only considers exhaustion as a basis for dismissal.

material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. *Exhaustion Under the PLRA*

Under the PLRA, "[n]o actions shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Where the PLRA applies, exhaustion is mandatory.

*Jones v. Bock*, 549 U.S. 199, 211 (2007). Failure to exhaust under the PLRA is an affirmative defense, meaning that it is defendants' burden to demonstrate each element. *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015).

Every circuit to consider the issue has held that the exhaustion requirement does not apply to suits filed by individuals who had already been released at the time of filing. *See Caddell v. Livingston*, 205 WL 1247003, at *2 (S.D. Tex. Mar. 17, 2015) (collecting cases). The Fifth Circuit has recently joined with these courts. *Bargher v. White*, 928 F.3d 439 (5th Cir. 2019) ("By its plain language, however, the PLRA's restrictions do not apply to actions filed by former inmates following their release.") Defendants show that plaintiff was transferred from CCC to another correctional facility in October 2018. Doc. 7, att. 3, ¶ 2. Neither the pleadings nor the parties' attachments, however, reveal what his incarceration status was at the time the complaint was filed on June 7, 2019. Accordingly, defendants have not shown that the PLRA applies to the federal claims in this matter and the motion must be denied.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss and Motion for Summary Judgment [doc. 7] will be **DENIED**.

**THUS DONE** in Chambers on this \_\_\_24\_\_\_ day of \_\_\_July\_\_\_, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**