UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHANNON REEVES**         CASE NO. 2:19-CV-00725

**VERSUS**                 JUDGE JAMES D. CAIN, JR.

**TONY MANCUSO, ET AL.**   MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court is a second Motion for Summary Judgment [doc. 17] filed by defendants Tony Mancuso and Scot Nugent, in response to the civil rights suit filed in this court under 42 U.S.C. § 1983 and state law by plaintiff Shannon Reeves. Plaintiff opposes the motion.

### I.
### BACKGROUND

This suit arises from plaintiff's treatment at the hands of unknown officers at Calcasieu Correctional Center ("CCC"). Plaintiff alleges as follows: He was booked into that facility on or about June 11, 2018, and alerted officers that he had medical needs relating to injuries, including head trauma, that he sustained in a car accident. Doc. 1, ¶¶ 6–8. Plaintiff complained when officers moved him to a cell without a bottom bunk and told them that he could not climb into a top bunk due to his injuries. *Id.* at ¶ 9. The officers mocked him, and plaintiff admits that he responded rudely. *Id.* at ¶¶ 9–10. Three officers then beat plaintiff, throwing him to the ground and aggravating his injuries. *Id.* at ¶¶ 10–12. After the beating, plaintiff was placed in solitary confinement and denied medical care.

*Id.* at ¶ 13. He filed an inmate complaint with Internal Affairs, but the complaint was not investigated. *Id.* at ¶ 14.

Plaintiff filed suit in this court on June 7, 2019. Doc. 1. As defendants he names the three unknown officers, in their individual capacities, and Sheriff Tony Mancuso and CCC Warden Scot Nugent, in their official capacities. He seeks monetary relief from all defendants under 42 U.S.C. § 1983, based on the alleged violations of his constitutional rights, and state tort law.

Defendants Mancuso and Nugent moved to dismiss the action or for summary judgment on July 3, 2019, alleging that plaintiff had failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Doc. 7. The court denied the motion on July 24, based on defendants' failure to show whether plaintiff was still incarcerated when he filed suit. Doc. 15; *see Bargher v. White*, 928 F.3d 439 (5th Cir. 2019) ("By its plain language, however, the PLRA's restrictions do not apply to actions filed by former inmates following their release.") Defendants filed another motion for summary judgment on August 9, this time showing that plaintiff was incarcerated at all relevant times and maintaining that the suit should be dismissed due to his failure to exhaust administrative remedies. Doc. 17.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

# III.
# LAW & APPLICATION

Under the PLRA, "[n]o actions shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Where the PLRA applies, exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Failure to exhaust under the PLRA is an affirmative defense, meaning that it is the defendant's burden to demonstrate each element. *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015).

The CCC, like many other Louisiana correctional facilities, has a grievance procedure with two steps of appeals to address inmate complaints. Doc. 7, att. 3, pp. 4–6; *see, e.g., Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010). If an inmate cannot resolve his complaint through informal contact with staff, he must file a formal grievance on an "Inmate Grievance Form" within 30 days of the incident and submit the form to the assistant warden. Doc. 7, att. 3, p. 4. The assistant warden reviews the grievance and, if he accepts it, forwards it to the first step respondent for investigation and response. *Id.* at 5. If the inmate is dissatisfied with the first step respondent's decision, the inmate may appeal to the warden. *Id.* If the inmate is dissatisfied with the warden's decision, he may appeal to the commander of corrections. *Id.* Each of these steps must be taken within a certain time period and may be rejected if not timely filed. *Id.* at 4–6.

"The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (5th

Cir. 2006). As the Supreme Court recently outlined, administrative remedies are only "unavailable" under the PLRA (and therefore not a prerequisite to suit) in three limited circumstances: (1) when the procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) when the procedure is so opaque that it is "essentially 'unknowable'—so that no ordinary prisoner can make sense of what it demands;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1859–60 (2016).

Defendants show that plaintiff used the administrative remedies available at CCC for other complaints, reflecting his awareness of the procedure. *See* doc. 17, att. 4, pp. 5–7. They also provide an affidavit from assistant warden Christopher Domingue, who states that there is no record that the plaintiff filed a grievance relating to the incident that gave rise to this suit. *Id.* at pp. 1–2. Plaintiff asserts, as he did in response to the first motion, that summary judgment is premature at this stage because discovery has not yet commenced and may yield evidence relevant to his opposition. Doc. 21. He also maintains that defendants have improperly sought summary judgment on the same grounds after the court's recent denial, and that he is entitled to attorney fees incurred by having to defend against the same motion twice. *Id.*

On the final argument, the court finds no merit. The undersigned denied the first motion for summary judgment based on defendants' failure to show whether the plaintiff was incarcerated at the time the suit was filed, rather than on prematurity or any other basis

asserted here. Accordingly, nothing in that ruling prohibited defendants from reurging their motion once they were able to show the plaintiff's incarceration status.

As for the motion's prematurity, the court construes these arguments as a request to defer judgment under Rule 56(d). As the plaintiff notes, summary judgment is usually premature unless the parties have "had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257. Rule 56(d) thus allows the court to deny or continue a premature motion for summary judgment so that a party might have additional time to gather evidence to oppose the motion. Because of the rule's precautionary nature, requests for 56(d) relief are "treated and reviewed liberally." *Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987); *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Relief is not guaranteed, however. Instead, a party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the summary judgment motion." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal quotations omitted).

The plaintiff provides a copy of a Citizen's Complaint Form he completed, complaining of the June 2018 incident and the sheriff's deputies allegedly involved. *See* doc. 21, att. 4. He also notes that no discovery has taken place in this matter and that the parties have not even made their initial disclosures.[1] Doc. 21, p. 2. His pursuit of an

---

[1] In their reply defendants show that plaintiff submitted interrogatories and requests for production of documents on August 30, the same day that plaintiff first attempted to file his opposition to this motion. *See* doc. 22, att. 1. As they note, this discovery is not targeted toward the exhaustion issue. It does not show, however, that Reeves cannot obtain the discovery he requires or that he had adequate opportunity to do so prior to the filing of this motion.

alternative grievance procedure may indicate that the proper method was unavailable to him or that he was misled by CCC staff as to what kind of complaint he should file. Summary judgment should be deferred until the parties have had the opportunity to conduct discovery into these issues. The motion will thus be denied, without prejudice to defendants' right to reurge it after the parties have had sufficient opportunity to conduct discovery into the availability of administrative remedies. Defendants are warned, however, that they may face sanctions if they again attempt summary judgment in a manner deemed premature by the court.

## IV.
## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 17] will be denied as premature under Federal Rule of Civil Procedure 56(d).

**THUS DONE** in Chambers on this __10__ day of __Sept.__, 2019.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE