UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHANNON REEVES** | : | **DOCKET NO. 2:19-cv-00725** |
| **VERSUS** | : | |
| **TONY MANCUSO, ET AL** | : | **MAGISTRATE JUDGE KAY**<br>(by consent) |

**MEMORANDUM RULING**

Plaintiff's complaint in this matter is one for damages he allegedly sustained and for which defendants are liable pursuant to 42 U.S.C. §§ 1983 and 1988.  Doc. 1.  Made defendants are Tony Mancuso, Sheriff of Calcasieu Parish, Louisiana, Scott Nugent, warden of the Calcasieu Correctional Center, and "Unknown Officers," all of whom allegedly were acting in their official capacities and under color of state law when they deprived him of his right to be free from "unlawful and false arrest, from unreasonable violence and brutality to his body, from unreasonable search and seizure of his property and effects, persons and body, and from false and unlawful imprisonment." Doc. 1, pp. 4-5.

The parties have consented to proceed before the undersigned and the matter was referred by the district court. Doc. 28.  Before us now is a Motion for Summary Judgment [doc. 33] filed by defendants Tony Mancuso and Scot Nugent.  Plaintiff opposes the motion. Doc. 35.

**I.**
**BACKGROUND**

This matter arises from an incident at the Calcasieu Correctional Center (hereinafter "CCC") on June 11, 2018.  On that date plaintiff claims he was booked into the CCC when, upon

booking, he alerted "all booking officers to the fact that he was a medical patient" having been involved in a car accident that caused "a stroke, a coma for more than two months, and significant brain trauma." Doc. 1, p. 3. Plaintiff claims he was booked without incident and placed in Cell 6 where he went to sleep but was "woken in cell 6 by three officers (names unknown)" and transferred to the cell next door where there was no bottom bunk available. *Id.* Plaintiff claims he informed the unknown officers of his inability to use a top bunk due to his injuries but they responded "that this was 'not a Motel 6' and he was a 'crybaby' who would take what he got." *Id.* Plaintiff claims the officers threw him down causing him to hit his head against the bunk bed "and continued to beat him when he was down on the ground." *Id.*, p. 4. Plaintiff claims he was then "immediately placed in solitary confinement, and not administered or allowed any medical examination or treatment." *Id.* He alleges he filed a complaint with "Internal Affairs" which was not investigated. *Id.* As a result of this conduct plaintiff claims loss of rights and liberty as well as physical pain, suffering, and emotional trauma and suffering "requiring expenditure of money for treatment." *Id.*, p. 5.

After suit was filed[1] defendants filed a Motion to Dismiss for Failure to State a Claim Pursuant to 12(b)(6) or, alternatively, a Motion for Summary Judgment arguing that plaintiff failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act (PLRA). Doc. 7. The district court treated defendants' filing as a motion for summary judgment and denied the motion as defendants failed to establish that plaintiff was incarcerated at the time of filing suit, a prerequisite for the PLRA to apply. Doc. 15. Defendants filed a second motion for summary judgment, this time including evidence that plaintiff was incarcerated at the

---

[1] Suit was filed June 7, 2019. Doc. 1.

time of filing suit.  Doc. 17.  The district court denied defendants' second motion as premature as the parties had yet to conduct discovery.[2]  Doc. 23.

Before us now is the third Motion for Summary Judgment filed by defendants.  Doc. 33.  The memorandum in support of the Motion for Summary Judgment is virtually identical to that filed with the last.  Compare doc. 17, att. 1 with doc. 33, att. 1.  The only substantive difference between the two memoranda is defendants' reference to discovery propounded to plaintiff wherein they requested plaintiff "provide information regarding his exhaustion of the grievance process" the response to which was Internal Affairs Citizen's Complaint forms completed by the plaintiff that reference the incident in question.  Doc. 33, att. 1, p. 2.

Exactly as they did with their previous motion defendants list in their Statement of Uncontested Material Facts, *inter alia*, the following:

(1) Plaintiff was incarcerated at the time of filing suit;[3]

(2) At the time plaintiff was incarcerated at the CCC, the CCC had administrative remedies in place; and

(3) Plaintiff failed to allege he exhausted administrative remedies, nor did he provide any proof that he exhausted administrative remedies prior to filing suit.

Compare Doc. 17, att. 2, p. 2 with Doc. 33, att. 7, p. 2.  Accordingly, defendants argue, plaintiff has failed to meet the PLRA requirement that a prisoner exhaust his administrative remedies before filing a lawsuit challenging prison conditions and his complaint should be dismissed.  Unlike the previous motion that the district court denied as premature, discovery has now been had.

---

[2] It was not until after the district court's consideration of these motions that the parties consented to proceed before the undersigned.

[3] Defendants attach as proof of this fact Plaintiff [sic] Response to Defense First Set of Request for Admission wherein plaintiff admitted he was incarcerated at the time this suit was filed.  Doc. 33, att. 4.

In response to this motion plaintiff claims he "filed a Citizen's Complaint form" and that the form "should be sufficient for satisfying the 'exhaustion' requirement, if he was misled by information or not given access to the proper labeled form." Doc. 35, p. 5. Notably plaintiff fails to provide any evidence that in fact he was misled by information or not given access to the proper labeled form.

## II.
## APPLICABLE LAW

### A. *Summary Judgment Standard*

A court shall grant summary judgment if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A "material" fact is one where proof of its existence or nonexistence will affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, a "genuine" dispute exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. To determine whether summary judgment should be granted, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in favor of that party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Moreover, a court may not make credibility determinations or weigh the evidence at the summary judgment stage. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact by identifying the portions of the summary judgment evidence, i.e. "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" supporting such a conclusion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may also meet its burden by pointing to a lack of evidence for an essential element of the

nonmoving party's claim. *Boudreaux v. Swift Transp. Co*, 402 F.3d 536, 544 (5th Cir. 2005). The movant, however, need not negate all elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Once the movant meets its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24; *see also Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The nonmovant may not rest upon "mere allegations," but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248. "[C]onclusory allegations, speculation, and unsubstantiated assertions" are insufficient to satisfy the nonmovant's burden. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Rather, the Fifth Circuit requires the nonmovant to provide "significant probative evidence" to support its assertion that a fact is genuinely disputed. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990) (citing *In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982)). "The mere existence of scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment; rather, the nonmovant must point to "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

### B. The PLRA Exhaustion Requirement

The PLRA, which Congress enacted in order to curb the large number of prisoner complaints filed in federal court, requires an inmate to totally exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007). It is mandatory that a federal court dismiss a case when the plaintiff does not meet this requirement. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Prisoners must exhaust all available federal and state remedies. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This requirement applies to any suit

challenging prison conditions, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 516 (2002). It also only applies to "prisoners" who are actually incarcerated at the time suit is filed, as defined by 42 U.S.C. § 1997e(h).

Notably, the exhaustion requirement is an affirmative defense, and the defendants will bear the burden of showing that plaintiff failed to exhaust his available administrative remedies. *Jones*, 549 U.S. at 216. Since defendants as the movants bear the burden on an affirmative defense, to succeed on summary judgment they must "establish beyond peradventure all of the essential elements of the defense." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist*., 353 F.3d 409, 412 (5th Cir. 2003)). Defendants did raise failure to exhaust remedies as an affirmative defense. Doc. 25, p. 5.

The proper administrative procedure that a prisoner must follow is not defined by the PLRA, "but by the prison grievance process itself." *Jones*, 549 U.S. at 218. The Louisiana Corrections Administrative Remedy Procedure ("CARP"), like the PLRA, requires inmates to exhaust administrative remedies before filing suit in either federal or state court. La. R.S. §§ 15:1171–1184. Louisiana has established an Administrative Remedy Procedure ("ARP"), a three-step process with specific procedural requirements that inmates must use. LA. ADMIN. CODE TIT. 22, Pt. 1, § 325(D)(1). The CCC adopted an inmate grievance procedure consistent with both CARP and the PLRA, which was in place during Plaintiff's alleged incident with the officers. Doc. 7, att. 3, p. 4.[4]

The procedure in place requires an inmate to file a formal complaint for an administrative remedy within thirty days from the complained of incident, unless it was not feasible to file within

---

[4] Although defendants did not attach the appropriate policy with attesting affidavit to the instant Motion for Summary Judgment, this information was provided in their original motion filed and is part of the record of this proceeding.

thirty days and the inmate can "fully justify" the reason for being untimely. *Id*. An inmate must complete an "Inmate Grievance Form," detailing the facts giving rise to the grievance, must seal the form and address it to the Assistant Warden, and must give it to a correctional officer for delivery. *Id*. The Warden reviews the grievance, and either rejects it or forwards it to a "First Step Respondent." *Id*. at p. 5. The grievance then proceeds through two "steps" and the inmate has certain deadlines by which he must appeal the decisions. *Id*. Moreover, grievances may be outright rejected if not timely filed. *Id*.

The United States Supreme Court has held that "proper exhaustion" under the PLRA requires the inmate to properly comply with the system's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. Mere substantial compliance is insufficient. *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019). The Western District of Louisiana has granted summary judgment dismissing an inmate's claims for failure to exhaust when, after filing an initial grievance but receiving no response, he filed a complaint with internal affairs rather than properly exhausting the second and third steps of the formal grievance process. *See Craig v. Deville, et al*., No. 12-726, 2013 WL 2449196 at *7 (W.D. La. May 31, 2013). A federal court has no discretion to retain the claim of an inmate who did not meet the exhaustion requirement. *Booth*, 532 U.S. at 739.

### III.
#### ANALYSIS

The defendants bear the burden of establishing all elements of the affirmative defense of failure to exhaust. *Jones*, 549 U.S. at 216. Defendants established that plaintiff was incarcerated at the time suit was filed. Doc. 33, att. 4. Defendants also proved, through the affidavit of Christopher Domingue, that the CCC had in place a grievance procedure. Doc. 33, att. 3, ¶ 3.[5] Defendants proved that plaintiff did not file a grievance as required by the procedure through an

---

[5] See also affidavit of Domingue at Doc. 7, att. 3, which further attests to the procedure and attaches a copy thereto.

affidavit from Latoshia Jones, the CCC's grievance coordinator, who testified that plaintiff filed grievances in the past, but she found no record of a grievance filed in relation to the instant lawsuit. Doc. 33, att. 6.  Accordingly, we find that defendants carried their burden of establishing all elements of their affirmative defense so that now the burden shifts to the plaintiff to establish a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323–24.

Plaintiff has failed to produce any evidence at all supporting any fact.  Plaintiff suggests in his memorandum that he might have been "misled by information or not given access to the proper labeled form" [doc. 35, p. 5] but he provides no affidavit or any other type of summary judgment evidence that would suggest this in fact occurred.  Such evidence might raise a genuine issue of material fact, but no evidence proves nothing.

Plaintiff submits he submitted a Citizen's Complaint with the Internal Affairs division of the prison [doc. 35, p. 5] and this fact does not appear to be contested.  There is no evidence, however, that plaintiff understood this to be the action that needed to be taken in order to begin the administrative process and defendants have introduced evidence that would suggest the opposite.[6]  As discussed, unsubstantiated assertions and speculation are not enough to defeat a properly supported motion for summary judgment.  *See Ramsey,* 286 F.3d at 269.  Further, if the plaintiff was misled in submitting the Citizen's Complaint, that information lies with him and should have been established through appropriate summary judgment evidence.

Plaintiff relies on *Lafleur v. Leglue*, in which a district court held a genuine issue of material fact existed as to whether various prison officials' statements to the plaintiff rendered the administrative remedy "unavailable." No. 16-254, 2018 WL 4365516 at *4 (M.D. La. Sep. 13, 2018).  The *Lafleur* plaintiff made several allegations of the prison officials' misleading behavior,

---

[6] See affidavit of Latoshia Jones where she attaches other complaints filed by plaintiff which would indicate he was cognizant of the appropriate administrative procedure.  Doc. 33, att. 6.

contending that the officials told her "she could not press charges" while incarcerated, they resisted her attempts to file a formal complaint, and they told her the complaint would be "taken care of." *Id*. at *3. Although it is unclear from the opinion itself, we must assume that the plaintiff's allegations in *Lafleur* were supported by her own sworn affidavit and that she did not simply rely upon her argument in brief. If the district court there denied summary judgment absent such evidence then we would respectfully conclude that the court committed error and would not be persuaded by its conclusions.

Because we find defendants produced appropriate summary judgment evidence to establish the elements of their affirmative defense, i.e. that plaintiff was required to but failed to exhaust administrative remedies, and that plaintiff failed to produce any evidence establishing a genuine dispute as to any elements of the defendants' defense, we find that defendants are entitled to judgment as a matter of law under FRCP 56(a).

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 33] will be **GRANTED** and plaintiffs' claims dismissed without prejudice.[7]

THUS DONE AND SIGNED in Chambers this 21st day of October, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[7] Dismissal for failure to exhaust warrants dismissal without prejudice. *Bargher*, 928 F.3d at 447.